UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------- -----------

DOUGLAS MARZEAN,

                        Plaintiff,

      vs.                                           3:05-CV-1368

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

---------------------------------------------

APPEARANCES:                                    OF COUNSEL:

HINMAN, HOWARD & KATELL, LLP        EUGENE D. FAUGHNAN, ESQ.
Attorneys for Plaintiff
700 Security Mutual Building
80 Exchange Street
PO Box 5250
Binghamton, New York 13902-5250

HON. GLENN T. SUDDABY                WILLIAM H. PEASE, ESQ.
United States Attorney                      Assistant U.S. Attorney
Northern District of New York
Attorney for Defendant
100 South Clinton Street
P. O. Box 7198
Syracuse, New York  13261-7198

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff Douglas Marzean ("Marzean" or "plaintiff") commenced this action seeking judicial review of a decision by the Commissioner of Social Security denying his application for Social Security disability insurance benefits ("DIB").  The Commissioner seeks to affirm the decision and has moved for judgment on the pleadings.  The District Court has jurisdiction to review an unfavorable decision of the Commissioner under 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff applied for DIB on December 29, 2003, alleging disability due to back pain and a disc herniation with a disability onset date of June 15, 2003. (R. at 18). This application was denied initially, and he requested an Administrative Law Judge ("ALJ") hearing which was held on March 7, 2005. (R. at 53-57, 201-27). On May 25, 2005, the ALJ issued a decision finding that plaintiff was not disabled. (R. at 15-25). This decision became the final decision of the Commissioner when the Appeals Council denied his request for review on August 25, 2005. (R. at 4-6).

On October 28, 2005, Marzean filed his complaint. (Dkt. No. 1). The Commissioner filed an answer on February 3, 2006. (Dkt. No. 3).

## II. FACTS

The evidence in this case is undisputed and the parties' factual recitations are adopted. (See Pl.'s Br. at 4-8; Def.'s Br. at 3-7).

## III. STANDARD OF REVIEW

A denial of disability benefits is examined pursuant to a two-step review. First, it must be determined whether the ALJ applied the correct legal standards. Rosado v. Sullivan, 805 F. Supp. 147 (S.D.N.Y. 1992) (*citing* Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987). Second, it must be decided whether the ALJ's findings of fact are supported by substantial evidence. 42 U.S.C. § 405(g); Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991).

The substantial evidence standard presents a low threshold. Substantial evidence is evidence that a reasonable person would find adequate to support a conclusion. Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988)(*citing* Richardson v. Perales, 402 U.S. 389, 401 (1971)). There need not be a preponderance of evidence. Schauer v.

Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).  A reviewing court may find substantial support although there is contradictory evidence permitting conflicting inferences.  Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999)(*citing* Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983)).  Indeed, under this standard, the same body of evidence may adequately support contradictory findings.  Schauer, 675 F.2d at 57.  A reviewing court may not examine the evidence *de novo* or substitute its own interpretation for that of the ALJ.  Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

   The opinion of a treating physician is entitled to controlling weight if the opinion is supported by objective medical findings and not contradicted by substantial evidence in the record.  20 C.F.R. § 1527(d)(2); Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 642 (2d Cir. 1983).  However, the evaluations of non-examining State agency medical and psychological consultants may constitute substantial evidence.  See Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993)(holding that opinions of non-examining physicians are substantial evidence if they are in turn supported by evidence in the record).  An ALJ must treat such evaluations as expert opinion evidence of non-examining sources.  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *1; 20 CFR 404.1527(f).  This treatment extends to consultants' residual functional capacity ("RFC") assessments.  SSR 96-6p, at *4.  State agency consultants are experts in evaluating the medical issues of disability claims.  Id. at *2.  However, because such consultants do not have a treating relationship with the claimant, and because they might be unduly influenced by institutional demands, the ALJ gives their opinions weight only insofar as the record supports.  Id. at *3.

## IV. DISCUSSION

### A. Governing Law

Under the Social Security Act, an individual is disabled if he or she is unable to engage in "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. at 423(d)(1)(A).

To determine whether an individual is disabled under the Act, the Commissioner undertakes a five-step analysis. First, the Commissioner decides whether the applicant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). If not, Second, the Commissioner considers whether the applicant has a "severe" impairment that significantly limits his or her ability to do "basic work activities." Id. at § 404.1520(a)(4)(ii), 404.1520(c).

If the applicant alleges more than one impairment, the Commissioner must individually evaluate each impairment for severity. See id. at § 404.1520(a)(4). However, an ALJ's failure to make specific findings as to each impairment is harmless error if the record clearly reflects that the ALJ has considered each impairment before deciding that the applicant's condition is not severe. See Smith v. Sullivan, 726 F. Supp. 261 (D. Neb. 1989).

Third, if the Commissioner finds that an individual's impairment or combined impairments are severe, the Commissioner next determines whether these limitations meet or equal the impairments listed in Appendix 1 of the Regulations. 20 C.F.R. § 404.1520

(a)(4)(iii). If an impairment meets or equals one of the listings, the Commissioner considers the applicant to be disabled. Id. If not, Fourth, the Commissioner then considers the applicant's RFC[1] and whether he or she can still do past relevant work. Id. at § 404.1520(a)(4)(iv).

In determining an individual's RFC, the Commissioner must consider objective medical evidence, including medical facts, diagnoses, and opinions. Id. at § 404.1545(a)(3). A decision must also account for the applicant's testimony, including an individual's description of his symptoms such as pain. Id.; see also Charlebois v. Comm'r, No. 02 Civ. 686, 2003 WL 22161591, at *8 (N.D.N.Y. Sept. 12, 2003). The Commissioner must offer substantial evidence of every physical demand listed in the regulations to demonstrate that an individual can perform the full range of work at a particular physical level. See Charlebois, 2003 WL 22161591, at *8; LaPorta v. Bowen, 737 F. Supp. 180, 183 (N.D.N.Y. 1990).

The applicant bears the initial burden of proving that he or she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5)(A); Reyes v. Sec'y of Health and Human Servs., 807 F. Supp. 293, 298 (S.D.N.Y. 1992). The applicant carries this burden by proving the first four steps of the analysis. Rivera v. Schweiker, 717 F.2d 719, 722 (2d Cir. 1983). Once an individual has proved that an impairment prevents him or her from returning to previous work, the burden shifts to the Commissioner to prove that there exists other work in the national economy to which the applicant can adjust despite his or her limitations. 20

---

[1] The Act defines "residual functional capacity" as follows: "Your impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The Commissioner particularly focuses on whether the individual meets physical exertional requirements of sedentary, light, medium, heavy, or very heavy work. 20 C.F.R. § 404.1567.

CFR § 404.1520(a)(4)(v); see Rivera, 717 F.2d at 722–23; Reyes, 807 F. Supp. at 298. Such work must exist in significant numbers in the national economy. 20 CFR § 404.1560(c). Fifth, to determine whether other work exists to which a individual can adjust, the Commissioner considers an individual's RFC together with the individual's age, education, or work experience. Id. at § 404.1560(b)(3). If an individual is not capable of adjusting to other work, the individual is disabled. Id. at § 404.1520(a)(4)(v). If an individual is capable of adjusting to other work, such individual is not disabled. Id.

To prove that other work is available, the Commissioner may, under appropriate circumstances, rely on the Medical-Vocational Guidelines included in Appendix 2 of Subpart P of section 404. Grey v. Chater, 903 F. Supp. 293, 297–98 (N.D.N.Y. 1995). The Guidelines account for the applicant's RFC, age, education, and work experience.[2] Comparing these factors, the Guidelines indicate whether substantial gainful work exists to which the applicant can adjust.

The Guidelines are generally dispositive on the disability decision. Grey, 903 F. Supp. at 298. If the Guideline factors accurately describe an applicant's mental and physical condition, the Commission may rely exclusively upon these factors. Id. The Guidelines accurately describe an applicant's condition if substantial evidence supports the Commissioner's finding that the applicant can fully perform the exertional requirements of the work. See id. at 299–302 (ordering remand because evidence did not support that the

---

[2] The Guidelines classify work by five different categories—sedentary, light, medium, heavy, and very heavy—based upon the physical exertional requirements of that work. 20 C.F.R. Part 404, Subpart P, App'x 2. The Commissioner will place an individual into one of these categories based on his or her RFC. Id. § 200.00(a). The Commissioner then considers the applicant's age, education, and previous work experience to determine whether her or she is disabled. Id.

applicant could stand for two hours of a work day); see also Nelson v. Bowen, 882 F.2d 45, 49 (2d Cir. 1989). If not, the Commissioner must call a vocational expert to testify whether other work exists that the applicant can perform within his limitations. See Nelson, 882 F.2d at 45.

### B. Analysis

#### 1. Contentions

Plaintiff contends that the ALJ: (1) improperly evaluated the opinions of plaintiff's treating physicians; (2) improperly assessed plaintiff's RFC; (3) erred in determining that he could perform other work existing in significant numbers in the national economy; and (4) improperly determined that he was not fully credible. Pl.'s Br. at 9-18.

#### 2. Treating Physician Rule

Plaintiff contends that the ALJ improperly failed to accord controlling weight to the opinions of his treating physicians, Drs. Kung, Sethi, and Mevorach. Pl.'s Br. at 9-11. Ordinarily, a treating physician's opinion is entitled to considerable deference, provided that it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record. Veino v. Barnhart, 312 F.3d 578 (2d Cir. 2002); Barnett v. Apfel, 13 F. Supp. 2d 312 (N.D.N.Y. 1998). Such opinions are not controlling, however, if contrary to other substantial evidence in the record, including the treating physician's own contradictory findings as well as opinions of other medical experts. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004); Veino, 312 F.3d at 588. Where conflicts arise in the form of contradictory medical evidence, their resolution is properly entrusted to the Commissioner. Veino, 312 F.3d at 588.

The ALJ must properly analyze the reasons for giving less than controlling weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Halloran, 362 F.3d at 32. An ALJ may not arbitrarily substitute his own judgment for competent medical opinion. Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). However, the ultimate determination of whether a person meets the statutory definition of disability is left with the Commissioner and the ALJ is under no duty to afford controlling weight to any opinion as to such determination. 20 C.F.R. § 416.927(e)(1).

In deciding what weight, if any, an ALJ should accord to medical opinions, he may consider a variety of factors including "[t]he duration of a patient-physician relationship, the reasoning accompanying the opinion, the opinion's consistency with other evidence, and the physician's specialization or lack thereof[.]" See Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993) (discussing 20 C.F.R. §§ 404.1527, 416.927). Failure to apply the appropriate legal standards for considering a treating physician's opinion is a proper basis for reversal and remand, as is the failure to provide reasons for rejection of a treating physician's opinion. Johnson, 817 F.2d at 985-86; Barnett, 13 F. Supp. 2d at 316-17.

Marzean argues that the ALJ improperly disregarded the opinions of Drs. Kung, Sethi, and Mevorach. Pl.'s Br. at 10. Plaintiff points to no specific opinions given by these physicians. Id. The record reveals that Dr. Mevorach, his pain management physician, specifically refused to give an opinion regarding disability in this matter, noting that pain is a subjective measure. (R. at 183). Dr. Forrest provided an opinion, which stated that plaintiff suffered from a marked temporary disability, and which was not given controlling weight by the ALJ, because it represented an opinion as to disability and not a functional assessment.

(See R. at 149, 153). Similarly, Dr. Sethi's July 1, 2004, opinion that plaintiff was disabled from regular duty was not given controlling weight for the same reason. (See R. at 194). The ALJ properly noted that these opinions were not entitled to controlling weight because they represented opinions on disability, an issue which is properly reserved to the Commissioner. See 20 C.F.R. § 404.1527(e)(1). Dr. Kung does not appear to have offered an opinion on Marzean's level of functioning. (See R. at 121-25). Because there does not appear to be any opinions from treating physicians that deal with his functional capacities as they relate to his ability to do work, the ALJ did not violate the treating physician rule.

### 3. Residual Functional Capacity

Plaintiff argues that the ALJ's RFC determination was insufficient as a matter of law. Pl.'s Br. at 13-16. Residual functional capacity is:

> what an individual can still do despite his or her limitations . . . .  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule.

Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 (SSA July 2, 1996)). In making a RFC determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis. 20 C.F.R. § 404. 1545(a). An RFC finding must represent a function-by-function assessment of a plaintiff's abilities. 20 C.F.R. §§ 404.1545, 416.945.

In this case, the ALJ made the following RFC finding:

> [Plaintiff] retains the [RFC] for sedentary work with normal breaks.  He is capable of lifting, carrying, pushing and pulling ten pounds occasionally and less than ten pounds frequently; sitting about six hours in an eight-hour workday; and standing/walking about two hours in an eight-hour workday.  He is capable of occasional stooping, kneeling, crouching and balancing, but no climbing or crawling.  He is also capable of following simple instructions and performing simple tasks.

Although plaintiff claims that the RFC assessment was devoid of analysis of his ability to sit, stand, walk, lift, and carry, a reading of the decision demonstrates otherwise.  Moreover, substantial evidence supports the ALJ's decision with regard to plaintiff's RFC.  Plaintiff underwent cervical diskectomy surgery in October of 2003, and experienced significant improvement postoperatively.  (R. at 175-82, 195-200).  Plaintiff reported back pain following the surgery, for which Dr. Sethi recommended conservative treatment.  (R. at 182).  On examination, Dr. Kung found no muscle weakness, with normal balance and gait, and decreased but symmetrical reflexes.  (R. at 124).  Dr. Putcha, a state agency physician, found that plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently; could stand, walk, and/or sit for six hours in an eight-hour workday; and could balance, kneel, crawl, crouch, stoop, and climb occasionally.  (R. at 163).  Given the above, the ALJ's RFC determination was based on proper legal standards and supported by substantial evidence in the record.

### 4. **Work in the National Economy**

Plaintiff argues that the ALJ improperly relied on vocational expert ("VE") testimony in deciding that he was able to perform work existing in significant numbers in the national economy.  Pl.'s Br. at 16-19.  The ALJ posed a hypothetical question to the VE at the hearing, inquiring whether an individual with plaintiff's RFC could perform jobs in the national

economy. (R. at 224). The VE responded that such an individual could perform the jobs of racker, preparer, or routing clerk. (R. at 225).

The ALJ is entitled to rely on vocational expert evidence in deciding whether a plaintiff retains the capacity to perform other work which exists in significant numbers in the national economy. 20 C.F.R. § 404.1566(e). It is well-established that elicitation of testimony from a vocational expert is a proper means of fulfilling the agency's burden at step five of the disability test to establish the existence of jobs in sufficient numbers in the national and regional economy that plaintiff is capable of performing. Bapp v. Bowen, 802 F.2d 601, 604-05 (2d Cir. 1986); Dumas v. Schweiker, 712 F.2d 1545, 1553-54 (2d Cir. 1983); Dwyer v. Apfel, 23 F. Supp.2d 223, 229-30 (N.D.N.Y. 1998) (Hurd, M.J.) (citing Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)); see also 20 C.F.R. §§ 404.1566, 416.966. Use of hypothetical questions to develop the vocational expert's testimony is also permitted, provided that the question incorporates the full extent of a plaintiff's physical and mental limitations. Dumas, 712 F.2d at 1553-54. If the limitations set forth in the hypothetical are supported by substantial evidence, then the vocational expert's testimony may be relied upon by the ALJ in support of a finding of no disability. Id.

As noted above, the ALJ posed a hypothetical question to the VE which incorporated the ALJ's full RFC findings. (R. at 224). It has already been determined that the ALJ's RFC assessment was supported by substantial evidence. Because the ALJ's hypothetical included the full extent of physical and mental impairments determined to be accurate by the ALJ, and the existence of these limitations was supported by substantial evidence, the

hypothetical was proper and the ALJ was entitled to rely on the VE's testimony.  See Dumas, 712 F.2d at 1553-54.

### 5. Credibility

Plaintiff argues that the ALJ failed to properly credit his subjective complaints of pain, and that this failure resulted in an erroneous credibility determination.  Pl.'s Br. at 11-13.  The ALJ has discretion to appraise the credibility of witnesses, including testimony of a plaintiff concerning subjective complaints of pain.  See Mimms v. Heckler, 750 F.2d 180, 185-86 (2d Cir. 1984).  After considering a claimant's subjective testimony, the objective medical evidence, and any other factors deemed relevant, the ALJ may accept or reject a claimant's subjective testimony.  20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (2007); Martone, 70 F. Supp. 2d at 151.

If the ALJ rejects a claimant's subjective testimony, he or she must explicitly state the basis for doing so with sufficient particularity to enable a reviewing court to determine whether those reasons for disbelief were legitimate, and whether the determination is supported by substantial evidence.  Martone, 70 F. Supp. 2d at 151 (citing Brandon v. Bowen, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).  Where the ALJ's findings are supported by substantial evidence, the reviewing court must uphold the ALJ's decision to discount plaintiff's subjective complaints of pain.  Aponte v. Sec'y, Dep't of Health & Human Servs., 728 F.2d 588, 591 (2d Cir. 1984) (citing McLaughlin v. Sec'y of Health, Educ. & Welfare, 612 F.2d 701 (2d Cir. 1980).

In his decision, the ALJ discussed Marzean's subjective complaints of pain as they related to the entire medical record.  (R. at 21).  The ALJ concluded that his complaints were

inconsistent with the objective medical findings as well as plaintiff's reported daily activities, and therefore found his complaints to be overstated. Id. The ALJ noted that plaintiff took care of his own personal care including bathing, dressing, and feeding himself; cared for two large dogs; prepared light meals and performed light dusting; went into his yard everyday; watched television; and listened to the radio. (R. at 21, 102-07). Additionally, the ALJ discussed objective medical evidence, which indicated that plaintiff did well following his diskectomy surgery and that conservative treatment was recommended at that point. (R. at 21, 182). Moreover, objective medical findings were relatively benign, and a state agency physician found that plaintiff's functional capacities were similar to those found by the ALJ. (See R. at 124, 163). The ALJ's rationale for determining credibility was both adequately explained and based on substantial evidence. Based on the foregoing, the ALJ was within his discretion in finding plaintiff not totally credible.

## V. CONCLUSION

Accordingly, it is

ORDERED, that the final decision of the Commissioner of Social Security is AFFIRMED.

The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

Dated:   April   30, 2008
         Utica, New York.

United States District Judge